IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN ESPOSITO, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| M.T.I. RACING, INC., and REESE COX, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kevin Esposito ("Plaintiff" or "Esposito"), and files this Complaint against Defendants M.T.I. Racing, Inc. ("M.T.I. Racing") and Reese Cox ("Cox") ("Cox" and "M.T.I. Racing" collectively referred to as "Defendants"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendants. Plaintiff also brings state law claims.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant M.T.I. Racing is a Georgia corporation and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as an inside sales worker from January 2000 to October 2015.

7.

Defendant Cox lives in the Northern District of Georgia and serves as Defendant M.T.I. Racing's Chief Executive Officer.

8.

Cox is involved in the day-to-day operations and has substantial operational control over M.T.I. Racing, including, without limitation, the policies governing individuals employed by M.T.I. Racing, including Plaintiff.

9.

Cox exerts substantial control over M.T.I. Racing's compliance with the FLSA.

10.

Cox has the power to hire and fire employees, including, without limitation, individuals employed by M.T.I. Racing, including Plaintiff.

11.

Cox controls employee work schedules or conditions of employment including, without limitation, individuals employed by M.T.I. Racing, including Plaintiff.

12.

Cox determines the rate and method of payment for employees including, without limitation, individuals employed by M.T.I. Racing, including Plaintiff.

13.

At all times relevant to this action, Cox oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by M.T.I. Racing, including Plaintiff.

14.

Defendants, individually and collectively, are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

15.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

16.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted ". . .directly or indirectly in the interest of an employer in relation to an employee. . ."

17.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

18.

Defendants, and each of them, were at all relevant times aware of the existence and requirements of the Fair Labor Standards Act, including, without limitation, the duty to pay overtime compensation and the duty to refrain from retaliation against employees who complain about violations of the Fair Labor

19.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA, 29 U.S.C. §203(e).

20.

Throughout his employment with Defendants, Plaintiff's primary duty was the performance of non-exempt work, specifically inside sales tasks.

21.

Defendants, individually and collectively, are "employers" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

22.

Within the last three years, Plaintiff worked an amount of time while employed by Defendants that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours he worked over (40). Defendants knew or had reason to know that Plaintiff worked in excess of (40) hours in without receiving overtime compensation.

23.

Defendants suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without paying him overtime compensation for hours worked in excess of (40).

24.

Defendants, individually and collectively, are private employers engaged in interstate commerce, and their gross revenues exceed $500,000 per year.

25.

From May 18th – October 16, 2015, Plaintiff was paid on a salary basis, without overtime compensation for the hours he worked in excess of 40 in workweeks.

26.

Throughout his employment, Plaintiff was non-exempt from the overtime requirements of the FLSA and was entitled to overtime for any hours he worked excess of (40) in given workweeks.

27.

During the period of May 18th – October 16, 2015, Plaintiff regularly worked in excess of 40 hours in workweeks without receiving overtime compensation.

28.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

29.

During the last three years, Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

30.

In 2015, Plaintiff and Defendants had an agreement that Plaintiff would receive certain commissions for the sales to Defendants' customers.

31.

In multiple months in 2015, Plaintiff sold products entitling him to commissions to be paid by Defendants.

32.

Defendants failed to honor their obligations and have not paid Plaintiff commissions that are due to him from work performed in 2015.

## Count I

## Violations of the Fair Labor Standards Act.

33.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

34.

Defendants, individually and collectively, violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

35.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys'

fees, and the costs of this litigation.

36.

Defendants' violations of the FLSA were willful and in bad faith.

37.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

38.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## **Count II – Breach of Contract**

39.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

40.

Plaintiff and Defendants had an agreement that Plaintiff would receive certain commissions for sales to Defendants' customers.

41.

In multiple months in 2015, Plaintiff sold products entitling him to commissions to be paid by Defendants.

42.

Defendants failed to honor their obligations and have not paid Plaintiff commissions that are due to him from work performed in 2015.

43.

Defendants failure to pay Plaintiff commissions he is owed constitutes a breach of contract that has caused Plaintiff actual damages.

**Count III – Attorneys' Fees and Expenses of Litigation**

**(Pursuant to O.C.G.A. § 13-6-11 as to Plaintiff's State Law Claim)**

44.

Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

45.

Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is

thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

46.

Plaintiff has put Defendants on notice that Plaintiff seeks attorneys' fees, litigation costs, and expenses from Defendants.

### IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Enter judgment Defendants on Plaintiff's breach of contract claim awarding all damages and relief available under the law;

(D)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(E)  Permit Plaintiff to amend his Complaint to add additional state law claims if necessary;

(F)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 4th day of March, 2016.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Kevin Esposito

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile